IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| MICHAEL BENJAMIN JOHNSON, TDCJ-CID No. 1992023, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 2:18-CV-007-Z |
| LORIE DAVIS, et al., | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER
## DISMISSING CIVIL RIGHTS COMPLAINT

Plaintiff Michael Benjamin Johnson, acting *pro se* and while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division, has filed suit pursuant to 42 U.S.C. § 1983 complaining against the above-referenced Defendants and has been granted permission to proceed *in forma pauperis*. For the following reasons, Plaintiff's civil rights Complaint is DISMISSED with prejudice.

Plaintiff has also moved to amend his Amended Complaint (ECF No. 25). However, it is clear from the pleading that Plaintiff wishes to *supplement* his claims with this filing. Thus, the Court will consider the statements in Plaintiff's pleading but will DENY his request to file his pleading as an Amended Complaint.

**FACTUAL BACKGROUND**

Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs by failing to "fix his teeth," delayed or cancelled medical appointments, and failure to consistently provide him his prescribed medication. *See* ECF No. 14, at 4–5; ECF No. 25 at 1–2.

## LEGAL STANDARDS

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

## ANALYSIS

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Such indifference may be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id.* Medical records showing sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference. *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995). A delay in medical care to a prisoner can constitute an Eighth Amendment violation only if there has been

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).
[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.")

deliberate indifference, which results in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Deliberate indifference "is an extremely high standard to meet." *Hernandez v. Tex. Dep't of Protective & Regulatory Servs.*, 380 F.3d 872, 882 (5th Cir. 2004). ("We begin by emphasizing that our court has interpreted the test of deliberate indifference as a significantly high burden for plaintiffs to overcome."). A prison official acts with deliberate indifference "only if (A) he knows that inmates face a substantial risk of serious bodily harm and (B) he disregards that risk by failing to take reasonable measures to abate it." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)); *see also Reeves v. Collins*, 27 F.3d 174, 176–77 (5th Cir. 1994). Unsuccessful medical treatment, acts of negligence or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances. *Hall v. Thomas*, 190 F.3d 693 (5th Cir. 1999); *Stewart v. Murphy*, 174 F.3d 530, 537 (5th Cir.1999); *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

A showing of deliberate indifference requires the prisoner to submit evidence that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). The Fifth Circuit has defined a "serious medical need" as "one for which treatment has been recommended or for which the need is so apparent that *even a layman* would recognize that care is required." *Gobert*, 463 F.3d at 345 n.12 (emphasis added).

Plaintiff presents no allegation of deliberate indifference. Rather, Plaintiff, at best, presents an allegation of medical malpractice or negligence. Section 1983, however, is not a general tort

3

statute, and mere negligence does not meet the standard for liability under Section 1983. *Daniels v. Williams*, 474 U.S. 327, 331-34 (1986). In fact, Plaintiff, despite his use of the term "deliberate indifference," claims he is filing a tort action. ECF No. 3 at 7. Plaintiff uses phrases "malicious" and "indifferent" and "illegal" to describe his medical care, but he provides no factual scenario showing how any Defendant deliberately denied him medical care. Rather, he repeatedly claims that his appointments are moved, cancelled, or delayed. ECF No. 10 at 1, ECF No. 19 at 1, ECF No. 21 at 19–23, 30, ECF No. 22 at 3–7. However, Plaintiff does not indicate how any specific delay of an appointment resulted in serious physical danger to himself.

In fact, Plaintiff repeatedly states that his primary concern is TDCJ's overall refusal to "fix his teeth." ECF No. 3 at 4, ECF No. 14 at 5, ECF No. 25 at 1–2. Plaintiff sues Defendants Judith Thomas, R.N., ECF No. 14 at 3, Barbara Bayer, P.A., ECF No. 14 at 3, Frank Jones, D.D.S., ECF No. 14 at 4, Ryan Brewster, D.D.S., ECF No. 14 at 4, Thomas Lamborn, D.D.S., ECF No. 14 at 4, Amanda Guerra, ECF No. 14 at 4, Kathy Wages, R.N., ECF No. 14 at 4, Dr. Teague, ECF No. 25 at 1, FHA Page, ECF No. 25 at 1, and FHA Wilke, ECF No. 25 at 1. Overall, Plaintiff claims these individuals collectively failed to treat his serious medical needs by refusing to "fix his teeth" and/or denying him medication. ECF No. 14 at 4–5, ECF No. 25 at 1.

Plaintiff's submissions to the Court indicate that he was very dissatisfied with the medical treatment he has received while housed in various TDCJ units, and frequently sought additional medical care for his complaints. ECF No. 21 at 30 ("I submit a sick call almost every day."). The documents submitted also indicate that Plaintiff was seen by medical personnel, but Plaintiff frequently writes comments on grievances responses indicating that "nothing was done" following visits with medical personnel. ECF No. 21 at 19–33; ECF No. 22 at 3–7. However, Plaintiff fails to articulate how any skipped or delayed appointment correspondence with an urgent medical need

4

and resulted in any injury to the Plaintiff. Although he quotes general case law that "pain" experienced while waiting for an appointment can amount to an Eighth Amendment violation, ECF No. 25 at 1–2, Plaintiff does not indicate when he requested and was denied pain medication by one of the named Defendants.

As to Plaintiff's claim about "fixing his teeth," Plaintiff alleges that Defendants have shown deliberate indifference to his need for dental care. The Constitution requires humane conditions of confinement, which includes the receipt of adequate medical care. *Farmer*, 511 U.S. at 832. "An inmate's right of access to medical care includes the right to see a dentist when the conditions of his teeth or gums have a serious affect on his health and well being." *Avila v. Landgrebe*, No. H-12-2315, 2013 WL 1336586, at *5 (S.D. Tex. Mar. 29, 2013) (citing *Williams v. Mason*, 210 Fed. Appx 389, 390 (5th Cir. 2006)). Plaintiff complains about the type of medical treatment he received, as well as a delay in medical treatment. Mere disagreement with the level and type of medical treatment is insufficient to state a claim. *Gibbs v. Grimmette*, 254 F.3d 545, 549 (5th Cir. 2001). Failed treatment also does not constitute deliberate indifference to medical care. *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 755 (5th Cir. 2001). A failure to provide additional treatment may show medical malpractice, but it does not show deliberate indifference because decisions to provide additional treatment are matters of medical judgment. *Estelle*, 429 U.S. at 107; *Domino*, 239 F.3d at 756. "[A]lthough inadequate medical treatment may, at a certain point, rise to the level of a constitutional violation, malpractice or negligent care does not." *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999). Plaintiff's allegations do not rise to the level of deliberate indifference. Plaintiff was seen by multiple dentists, multiple mental health practitioners, multiple nurses and other medical personnel in response to his sick-call requests. ECF Nos. 10, 19, 21, 22. Plaintiff has not indicated how any specific Defendant deliberately

ignored his serious medical needs by any alleged delay in treatment, and Plaintiff has not articulated a set of facts showing how any Defendant's refusal to "fix his teeth" was a result of deliberate indifference.

Plaintiff's claims against Defendants Lorie Davis, Kevin Foley, and Ric Vogelgesang are based solely on supervisory capacity. In Section 1983 suits, liability of government officials for the unconstitutional conduct of their subordinates may not rest solely upon a theory of *respondeat superior* or vicarious liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (citing *Robertson v. Sichel*, 127 U.S. 507, 515–16 (1888)); *see also Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability."). Thus, supervisory officials are not subject to vicarious liability under Section 1983 for the acts or omissions of their subordinates. *See Mouille v. City of Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992).

Absent direct personal participation in the alleged constitutional violation, a plaintiff must prove that each individual defendant either implemented an unconstitutional policy that directly resulted in injury to the plaintiff or failed to properly train a subordinate employee. *See Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011); *Thompkins v. Belt*, 828 F.2d 298, 303–04 (5th Cir. 1987). Plaintiff has not asserted any direct involvement by these Defendants in his claims, and Plaintiff has not pleaded allegations showing that Defendants have implemented a policy of deliberate indifference to medical needs. In fact, as discussed above, Plaintiff has not pleaded facts showing deliberate indifference to his medical needs by medical personnel supervised by these Defendants in any case. Thus, Plaintiff's claims against these defendants are dismissed with prejudice.

**CONCLUSION**

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2) and 42 U.S.C. § 1997e(a), it is ORDERED that the Civil Rights Complaint by Plaintiff filed pursuant to 42 U.S.C. § 1983 be DISMISSED with prejudice as frivolous and for failure to state a claim upon which relief can be granted. Plaintiff's Motion to Amend (ECF NO. 25) is DENIED as unnecessary, as the Court considers the pleading a supplement to his Amended Complaint.

**SO ORDERED.**

February 2, 2021.

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE